UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**BRIDGET SHEILA CALCAGNI,**

    **Petitioner,**

v.                                                       Civil No. 2:18cv126
                                                      Criminal No. 2:16cr78

**UNITED STATES OF AMERICA,**

    **Respondent.**

## OPINION and ORDER

This matter is before the Court on Bridget Sheila Calcagni's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner's § 2255 Motion raises one claim of ineffective assistance of counsel based on her attorney's failure to object to a two-level enhancement applied at sentencing. ECF Nos. 31, 32. After reviewing the record, the Court finds that an evidentiary hearing is unnecessary because the record conclusively demonstrates that Petitioner is not entitled to any relief. See R. Gov. § 2255 Proc. in U.S. Dist. Cts. 8(a). For the reasons set forth below, Petitioner's § 2255 motion is **DENIED**.

## I. FACTUAL AND PROCEDUARL HISTORY

On November 15, 2016, pursuant to a written plea agreement, Petitioner pled guilty to one count of an indictment: Count One, Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Methamphetamine, commonly known as "Ice," in

violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A). ECF No. 15. Following Petitioner's guilty plea, the probation officer prepared a presentence investigation report ("PSR") that applied a two-level enhancement to Petitioner's offense level for maintaining premises "for the purpose of manufacturing or distributing a controlled substance" under section 2D1.1(b)(12) of the United States Sentencing Guidelines ("Premises Enhancement"). PSR ¶ 18, ECF No. 20.

Neither party objected to the application of the Premises Enhancement prior to the sentencing hearing on February 16, 2017. At such hearing, the undersigned prompted counsel to address the application of the Premises Enhancement in light of a recent ruling by the United States Court of Appeals for the Fourth Circuit:

> The Court: . . . [T]here was a premises enhancement there that the Fourth Circuit reviewed the case on plain error and raised a question about the premises enhancement. And so that was last year. Since that time, we've kind of been keeping an eye out when we see it in the presentence report. Many times I think what happens is the discovery reflects sufficient information for the premises enhancement, but it's not always necessarily stated or set out, you know, in the presentence report. And so I thought that we needed to go ahead and address that.

Hr'g Tr. at 5-6, ECF No. 40. The Government responded that it had discussed the issue with Petitioner's counsel, Mr. Dunn, and that Mr. Dunn had discussed the issue with Petitioner, who did not wish to pursue further litigation on the issue. Id. at 6. Then, Mr. Dunn and the undersigned engaged in the following exchange:

2

Mr. Dunn: . . . . I was given discovery by [the Government], and there's more evidence in the discovery than there is in the presentence report. And I believe some of that evidence supports the enhancement. And based on that evidence that I've reviewed, which I'd rather not go into if I'm not required to, I believe the enhancement is supported. That's why I did not object. I discussed that with my client and she wishes me to take that position as well today.

The Court: Okay.

Mr. Dunn: And after [the probation officer] raised the issue, her and I just spoke about it, and we wish to move forward without making that objection.

The Court: Okay. So I understand that. And that's what I thought was probably the case. And so you're telling me that, based on the discovery, you've satisfied yourselves that the standard; that is if the defendant maintained a premise for the purpose of manufacturing or distributing a controlled substance has been met and that when you look at Application Note 17, it discusses what that means. It says "Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principle uses of the premises rather than one of the defendant's incidental or collateral uses of the premises." And in making the determination, the court should "Consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes."

So in the discovery that you received, Mr. Dunn, did it address these frequency issues?

Mr. Dunn: Yes, Your Honor.

The Court: Okay. And so after discussing that with your client, you all decided that it would be best not to object, because you didn't want to put the government to the test of bringing in a witness, getting on the stand and talking about how frequently, for instance, the premises was being used for distribution?

3

> Mr. Dunn: Yes, Judge. We do not want to litigate that issue with the government.

Id. at 7-9. The Court then confirmed with Petitioner that she did not wish to object to the Premises Enhancement, and Petitioner confirmed that she did not:

> The Court: Okay. Have you discussed that with your attorney, Ms. Calcagni?
>
> [Petitioner]: Yes, sir.
>
> The Court: Do you agree with his statement?
>
> [Petitioner]: Yes, Your Honor.

Id. at 9. Based on such statements, the Court found that the Premises Enhancement was properly applied. Id. With the enhancement, Petitioner's offense level was 31 and her criminal history category was IV, resulting in an Advisory Guideline Range of 151-188 months of imprisonment. PSR ¶ 84-85. The Government moved for a downward departure under section 5K1.1 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(e) based on Petitioner's substantial assistance in an investigation. ECF No. 22. Pursuant to such motion, the Government requested a sentence "50% lower than that which the Court would otherwise impose," which, pursuant to the authority of § 3553(e), would result in a sentence below the mandatory minimum of 120 months. Id.; see 18 U.S.C. § 3553(e); see also 21 U.S.C. § 841(b)(1)(A). The Court granted the Government's motion and sentenced Petitioner to 72

months of imprisonment, a term approximately 52% below the low-end of the Advisory Guideline Range. ECF No. 27.

Petitioner timely filed the pending motion and memorandum of law attacking her sentence due to ineffective assistance of counsel. ECF Nos. 31, 32. The Court ordered the Government to respond, ECF No. 36, and the Government responded, ECF No. 42. Petitioner then filed a reply brief in support of her motion. ECF No. 47. Having been fully briefed, this matter is now ripe for review.

## II. Standard of Review

A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner bears the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." Id. A petitioner must prove the asserted grounds for relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). Because a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing . . . the judge's recollection of the

5

events at issue" may inform the resolution of the motion. Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. United States v. Hadden, 475 F.3d 652, 661-63 (4th Cir. 2007). The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999).

Although a petitioner advancing new claims asserted for the first time in a § 2255 motion must generally "clear a significantly higher hurdle than would exist on direct appeal," United States v. Frady, 456 U.S. 152, 166 (1981), a freestanding claim of ineffective assistance of counsel is properly asserted for the first time in a § 2255 motion, see United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.'" (quoting United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992))). Such rule exists because the Federal Rules Governing § 2255 Proceedings permit expansion of the record, which is generally unavailable on direct appeal and often necessary to properly

resolve an ineffective assistance claim. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (citing Massaro v. United States, 538 U.S. 500, 504-06, (2003)).

The Sixth Amendment to the Constitution of the United States provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court has interpreted the right to counsel as providing a defendant "'the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (emphasis added) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). To obtain relief based on an allegation of ineffective assistance, a petitioner must establish both that: (1) counsel's performance was so deficient that it fell below an objective standard of reasonableness; and (2) counsel's inadequate performance caused the petitioner prejudice. Id. at 687-88. "Vague and conclusory allegations contained in a § 2255 petition" are insufficient to carry a petitioner's burden under Strickland, and such allegations may therefore "be disposed of without further investigation by the District Court." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (quotation marks and citation omitted).

When evaluating counsel's performance under the first prong of Strickland, courts "must be highly deferential." Strickland, 466 U.S. at 689; see Kimmelman v. Morrison, 477 U.S. 365, 381-82 (1986) (discussing the "highly demanding" Strickland standard).

7

To establish constitutionally deficient performance, a petitioner must demonstrate that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687. Such a showing must go beyond establishing that counsel's performance was below average, since "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978); see Strickland, 466 U.S. at 687. As it is all too easy to challenge an act, omission, or strategy, once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Courts should therefore "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Only in "relatively rare situations" will a § 2255 motion establish that, "'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" Tice v. Johnson, 647 F.3d 87, 102 (4th Cir. 2011) (quoting Strickland, 466 U.S. at 690). Attorneys are permitted to "be selective and strategic without risking an ineffective assistance of counsel claim," as demonstrated by the well-established and consistent Fourth Circuit precedent holding that the law does "not penalize attorneys for failing to bring novel or long-shot contentions."

United States v. Mason, 774 F.3d 824, 828, 830 (4th Cir. 2014) (citations omitted).

The second prong of Strickland requires a petitioner to "affirmatively prove prejudice," which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If a petitioner fails to prove either of the two prongs of the Strickland test, the court need not evaluate the other prong. Moore v. Hardee, 723 F.3d 488, 500 (4th Cir. 2013).

### III. DISCUSSION

Petitioner's § 2255 motion advances one claim: that counsel was ineffective for failing to object to the Premises Enhancement. ECF Nos. 31, 32. To prevail on this claim, Petitioner must prove both that counsel's performance was constitutionally deficient and that such deficient performance caused Petitioner prejudice. Strickland, 466 U.S. at 687-88.

#### A. Deficient Performance

First, Petitioner asserts that Mr. Dunn's performance was constitutionally deficient because he chose not to object to the Premises Enhancement when there was a reasonable probability that

9

the objection would have been sustained.[1] Even if Petitioner is able to show that it was an error for Mr. Dunn not to object, such a fact is not enough to prove that he was ineffective because "effective representation is not synonymous with errorless representation." Springer, 586 F.2d at 332; see Strickland, 466 U.S. at 687. To succeed with this argument, Petitioner has to prove that Mr. Dunn's failure to object was so erroneous that it fell outside the "wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

While it is true that Mr. Dunn could have advanced an objection and required the Government to present additional evidence, his failure to do so, based on his knowledge of the facts, does not amount to constitutionally deficient performance. Cf. Griffin v. Warden, Maryland Corr. Adjustment Ctr., 970 F.2d 1355, 1357 (4th Cir. 1992) ("'Deficient performance' is not merely below-average performance; rather, the attorney's actions must fall below the wide range of professionally competent performance."). It was reasonable for Mr. Dunn not to object to the Premises Enhancement. He reasonably believed that the facts

---

[1] For the enhancement to apply at the time of Petitioner's sentencing, the Court was required to consider whether the defendant had a possessory interest in the premises, the defendant's degree of control over the premises, and whether the defendant's primary use of the premises was to manufacture or distribute drugs. U.S.S.G. § 2D1.1 App. n.17. Petitioner does not contest that she had a possessory interest in the premises. She only asserts that the information was insufficient "to establish that there was substantial drug trafficking activity at [Petitioner's] residence which would constitute a primary purpose of the premises." Pet.'s Br. at 12, ECF No. 32.

in the PSR as well as additional evidence from discovery[2] were sufficient to apply the enhancement because, such information, the truth of which Petitioner does not contest, makes it more likely than not that a primary purpose of Petitioner's residence was drug distribution. See United States v. Saxby, No. 18-4201, 2018 U.S. App. LEXIS 31368, at *5 (4th Cir. Nov. 6, 2018) (finding that three controlled buys and a statement by defendant to an undercover officer that drugs could be purchased on the premises at any time were sufficient to apply the Premises Enhancement); United States v. Moore, 553 F. App'x 345, 346 (4th Cir. 2014) (unpublished); United States v. Christian, 544 F. App'x 188, 191 (4th Cir. 2013) (unpublished). Because there are numerous uncontested facts that favor application of the Premises Enhancement, there was not a strong enough basis for an objection such that Mr. Dunn's failure to object indicates that he misunderstood the relevant legal standard or failed to conduct basic legal research. Cf. United States v. Carthorne, 878 F.3d 458, 469 (4th Cir. 2017) ("[C]ounsel's failure here to demonstrate a grasp of the relevant legal standards, to conduct basic legal research relating to those standards, and to object to the sentencing enhancement (even though

---

[2] According to the PSR, the following items were discovered at Petitioner's residence: "84.8 grams of "Ice," $2,700 in U.S. currency, packaging material, and paraphernalia." PSR ¶ 7-10. Additionally, according to Mr. Dunn's sworn affidavit submitted with the Government's response brief, discovery revealed additional evidence of a parallel Virginia State Police Investigation that resulted in two additional controlled buys of opiates from Petitioner's residence. Dunn Aff., ECF No. 42-3.

11

there was a strong basis for such an objection), <u>taken collectively</u>, constituted deficient performance.") (emphasis added). Petitioner has not met her burden to show that Mr. Dunn's belief that such facts were sufficient was <u>so</u> erroneous (or erroneous at all, frankly) that he acted unreasonably by failing to object. Therefore, her argument that Mr. Dunn should have objected, because the objection was likely to succeed due to insufficient evidence, fails to establish constitutionally deficient performance in this case.

Second, Petitioner argues that the Government has failed to show how an objection and the introduction of additional evidence would have resulted in a more severe sentence, which is the asserted strategic reason that Mr. Dunn chose not to object. Attorneys are permitted to "be selective and strategic without risking an ineffective assistance of counsel claim." <u>Mason</u>, 774 F.3d at 830. "Counsel's 'strategic choices made after thorough investigation . . . are virtually unchallengeable . . . .'" <u>Gray v. Banker</u>, 529 F.3d 220, 229 (4th Cir. 2008) (quoting <u>Strickland</u>, 466 U.S. at 690-91). When evaluating such strategic decisions, "every effort [must] be made to eliminate the distorting effects of hindsight." <u>Strickland</u>, 466 U.S. at 689.

As a preliminary matter, the Court notes that Petitioner's argument appears to erroneously place the burden on the <u>Government</u> to prove that an objection would have resulted in a more severe

12

sentence. However, the petitioner has the burden of proof in a § 2255 motion to show that counsel's strategic decision was so unreasonable that it was constitutionally deficient. Miller, 261 F.2d at 547.

Petitioner has not met that burden here. Mr. Dunn appears to have made a sound strategic decision not to object to the Premises Enhancement. When prompted by the Court to discuss the Premises Enhancement at Petitioner's sentencing hearing, Mr. Dunn responded with a valid strategic reason why he chose not to object – specifically, that there was additional, negative evidence in discovery that supported the enhancement that he did not wish to have presented. Hr'g Tr. at 7-9. Mr. Dunn also submitted a sworn affidavit that further justifies his decision because he reasonably believed that the evidence could have harmed his client's chance at receiving the substantial downward departure requested by the Government. Cf. Moody v. Polk, 408 F.3d 141, 151, 152 (4th Cir. 2005) (holding that counsel was not ineffective for failing to introduce evidence that could have harmed the defendant even if part of it may have helped the defendant). Because Petitioner received the substantial departure, she cannot adequately show that Mr. Dunn's strategic decision was unsuccessful, let alone constitutionally deficient. Even if, in hindsight, Mr. Dunn's strategy was unsuccessful because Petitioner would have received the same downward departure had the negative

evidence been introduced, this Court must be careful to avoid "the distorting effects of hindsight." Strickland, 466 U.S. at 689. Mr. Dunn made a reasonable strategic decision at the time because he could not have predicted the actions of the Government or the Court. After a thorough investigation, Mr. Dunn made the strategic decision not to challenge the Premises Enhancement to avoid the risks associated with introducing additional negative information about his client.

Moreover, this Court is entitled to consider Petitioner's argument, that Mr. Dunn had no reason not to object, to be "patently frivolous," because Petitioner stated, under oath and on the record at sentencing, that she discussed the issue with Mr. Dunn and agreed with his strategic decision (at least a portion of which was stated on the record in the colloquy with the Court) not to object. Cf. United States v. Lemaster, 403 F.3d 216, 222 (4th Cir. 2005) (indicating that, absent "extraordinary circumstances," allegations in a § 2255 motion that directly contradict the petitioner's prior sworn statements are considered "patently frivolous or false"). Therefore, because Petitioner has not demonstrated that Mr. Dunn's failure to object to the Premises Enhancement fell below the objective standard of reasonableness, the Court finds that Petitioner has not satisfied the first prong of the Strickland standard.

## B. Prejudice

Petitioner argues that the decision not to object caused her prejudice because (1) there is a reasonable probability that the objection would have been sustained and (2) her guideline range would be lower, resulting in a lower starting point for the downward departure. The Court need not address the prejudice prong because Petitioner has failed to prove the deficient performance prong. Moore, 723 F.3d at 500.

## IV. CONCLUSION

For the reasons stated above, Petitioner's § 2255 motion is **DENIED**. Finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); see Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 335-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, she may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. Rule App. Proc. 22(b); Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, she must do so **within sixty (60) days** from the date of this Opinion and Order. Petitioner may seek such a certificate by filing a written notice of appeal with

the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner's current counsel, Petitioner's former counsel, and the United States Attorney's Office in Norfolk, Virginia.

**IT IS SO ORDERED.**

/s/ *[signature]*
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March **25**, 2019